I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ ᴧᴛ
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3 - 6 - 13

DEPUTY CLERK

\* Petition mailed to the office
of the F.P.D., Attn. Sean Kennedy

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARK ROBINSON, | Case No. CV 13-1311-TJH (RNB) |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND APPOINTING COUNSEL FOR PETITIONER |
| JAMES A. HARTLEY, | |
| Respondent. | |

### Order Dismissing Petition with Leave to Amend

Petitioner is a California prisoner currently confined at the state prison in Avenal. On February 22, 2013, he purported to file herein a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court's review of the Petition reveals that it suffers from the following pleading deficiencies.

First, the Petition has not been submitted on either the national form appended to the Habeas Rules or the form currently approved and supplied for habeas petitions by the Central District of California. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); see also Central District Local Rule 83-16.1.

1

1    Second, under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if
2  he is contending that he is in custody in violation of the Constitution or laws or
3  treaties of the United States. See also Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct.
4  940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course,
5  reaches only convictions obtained in violation of some provision of the United States
6  Constitution."). Here, the Petition is virtually unintelligible. The Court is unable to
7  discern what federal constitutional claims petitioner purports to be alleging. The
8  Court also notes that, to the extent petitioner appears to be making claims of false
9  arrest and/or excessive force in connection with his arrest, such claims may not
10  properly be asserted in a habeas petition, or as part of a habeas petition. See Preiser
11  v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).
12  Further, to the extent that petitioner appears to be making a Fourth Amendment claim,
13  consideration of such a claim is precluded by Stone v. Powell, 428 U.S. 465, 494, 96
14  S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

15    Third, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless
16  petitioner has exhausted the remedies available in the courts of the State or an
17  exception to the exhaustion requirement applies.  Exhaustion requires that the
18  prisoner's contentions be fairly presented to the state courts and be disposed of on the
19  merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.),
20  cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir.
21  1979).  Moreover, a claim has not been fairly presented unless the prisoner has
22  described in the state court proceedings both the operative facts and the federal legal
23  theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115
24  S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.
25  Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not
26  entertain a habeas corpus petition unless the petitioner has exhausted the available
27  state judicial remedies on every ground presented in the petition. See Rose v. Lundy,
28  455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the

2

1   burden of demonstrating that he has exhausted available state remedies.  See, e.g.,
2   Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  Here, because the section of the
3   habeas form in which petitioner is supposed to describe the claims that he raised in
4   his state court filings also are unintelligible, the Court is unable to discern from the
5   face of the Petition whether petitioner has exhausted his state remedies with respect
6   to whatever federal constitutional claims he purports to be alleging herein.
7         For the foregoing reasons, the Petition is dismissed with leave to amend.
8
9                   **Order Appointing Counsel for Petitioner**
10        Habeas Rule 8(c) and 18 U.S.C. § 3006A(a)(2)(B) empower the Court to
11   appoint counsel at any stage of a habeas proceeding "if the interests of justice so
12   require." Here, after duly considering petitioner's demonstrated inability to articulate
13   clearly his claims and the unlikelihood of petitioner being able to rectify the pleading
14   deficiencies of the Petition, the Court has concluded that the interest of justice in the
15   case would be served by the appointment of counsel for petitioner.  Accordingly, the
16   Court will invoke its authority under Rule 8(c) of the Rules Governing Section 2254
17   Cases in the United States District Courts, and appoint the Office of the Federal
18   Public Defender as counsel for petitioner.
19        The clerk is directed to serve a copy of this Order on the Office of the Federal
20   Public Defender, Attn: Sean Kennedy, along with a copy of the Petition.
21        Further, IT IS HEREBY ORDERED as follows:
22        1.    Within fourteen (14) days of the service date of this Order,
23   the assigned Deputy Public Defender shall e-file a Notice of
24   Appearance.
25        2.    Within sixty (60) days of the service date of this Order
26   (subject to any reasonable extensions sought and granted), the assigned
27   Deputy Public Defender shall (a) complete his/her investigation of
28   petitioner's situation, (b) consult with petitioner, and (c) file either a

First Amended Petition rectifying the deficiencies of the Petition, if petitioner still desires to pursue this action, or a notice of voluntary dismissal.

DATED: _____ 3 | 5 | 13 _____

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4