1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARK ROBINSON, | ) Case No. CV 13-1311-TJH (RNB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| JAMES A. HARTLEY, | ) |
| Respondent. | ) |

The Court has reviewed the First Amended Petition for Writ of Habeas Corpus ("FAP") filed by appointed counsel herein on March 24, 2014.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24

---

[1]  The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1

(9th Cir.), <u>cert. denied</u>, 513 U.S. 935 (1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings <u>both</u> the operative facts and the federal legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  <u>See, e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).  The Ninth Circuit has held that a federal court may raise the failure to exhaust issue <u>sua</u> <u>sponte</u> and may summarily dismiss on that ground.  <u>See</u> <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1081 (1993); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), <u>cert. denied</u>, 455 U.S. 1023 (1982); <u>see also</u> <u>Granberry v. Greer</u>, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the FAP that at least eight of the twelve grounds for relief being alleged by petitioner (i.e., Grounds Four, Five, Six, Seven, Eight, Nine, Ten, and Twelve) have never been presented to the California Supreme Court.  Accordingly, petitioner's inclusion of those eight grounds in the FAP renders the FAP a "mixed petition" containing both exhausted and unexhausted claims.

If it were clear that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); <u>Johnson v. Zenon</u>, 88 F.3d 828, 831 (9th Cir. 1996); <u>Jennison v. Goldsmith</u>, 940 F.2d 1308, 1312 (9th Cir. 1991).  However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise such claims in a habeas petition to the California

Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). While it is conceivable that the California Supreme Court would hold that some or all of petitioner's claims were procedurally barred because petitioner could have raised those claims on appeal, it is not "clear" here that the California Supreme Court would do so.  In <u>In re Robbins</u>, 18 Cal. 4th 770, 814 n.34, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998), the California Supreme Court noted that the procedural rule that issues that could have been raised on direct appeal cannot be raised initially in a habeas petition (aka the "<u>Dixon</u> rule") is subject to the same exceptions that it delineated in <u>In re Harris</u>, 5 Cal. 4th 813, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) were exceptions to the procedural rule that any issues actually raised and rejected on appeal cannot be renewed in a habeas petition (aka the "<u>Waltreus</u> rule"), one of which is when "the claimed constitutional error is both clear and fundamental."  <u>See</u> <u>Harris</u>, 5 Cal. 4th at 829-34.  The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed.  <u>See</u> <u>Rose</u> , 455 U.S. at 522; <u>see also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); <u>Castille</u>, 489 U.S. at 349.  However, in <u>Rhines v. Weber</u>, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.  Under <u>Rhines</u>, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation

1   tactics or intentional delay." See id. at 277-78.  Here, petitioner has not even
2   requested that the Court hold the FAP in abeyance until after he exhausts his state
3   remedies with respect to his unexhausted claims, let alone purported to make the three
4   necessary showings under Rhines.

5        Per Rhines, where the petitioner has presented the district court with a mixed
6   petition and the Court determines that stay and abeyance is inappropriate, the district
7   court must "allow the petitioner to delete the unexhausted claims and to proceed with
8   the exhausted claims if dismissal of the entire petition would unreasonably impair the
9   petitioner's right to obtain federal relief."  See Rhines, 544 U.S. at 278; see also
10  Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013).

11       IT THEREFORE IS ORDERED that, on or before **April 14, 2014**, petitioner
12  either (a) file a formal stay-and-abeyance motion if he believes he can make the
13  requisite three showings; or (b) show cause in writing, if any he has, why this action
14  should not be dismissed without prejudice for failure to exhaust state remedies unless
15  petitioner withdraws his eight unexhausted claims.

16
17  DATED:  March 25, 2014

18
19
20  ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28

4